NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JEANNE METCALF, et al., *Plaintiffs/Appellants*,

*v.*

THE MONTECITO PEORIA LESSEE, LLC, et al., *Defendants/Appellees*.

No. 1 CA-CV 24-0413

FILED 02-06-2025

Appeal from the Superior Court in Maricopa County
No. CV2022-011491
The Honorable Susanna C. Pineda, Judge

**AFFIRMED**

COUNSEL

Napier, Baillie, Wilson Bacon & Tallone, P.C, Phoenix
By Michael Napier, Juliana B. Tallone
*Counsel for Plaintiffs/Appellants*

Lewis Brisbois Bisgaard & Smith, LLC, Phoenix
By Kevin C. Nicholas, Bruce C. Smith, Jay R. Rademacher
*Counsel for Defendants/Appellees*

---

## MEMORANDUM DECISION

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge David D. Weinzweig and Judge D. Steven Williams joined.

---

**P E R K I N S**, Judge:

¶1        Jeanne Metcalf, as personal representative of Irene Tierney's estate, appeals from the superior court's entry of summary judgment in favor of The Montecito Peoria Lessee, LLC (the "Montecito") on her negligence claim. For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2        The Montecito is a senior living community in Peoria. The Montecito gives all its residents a Resident Handbook, which contains a Motorized Cart Policy. The Motorized Cart Policy prohibits residents from driving motorized mobility scooters from outdoor areas into the building and admonishes residents to operate carts in "a conservative and safe manner, taking special precautions . . . in situations that present an additional risk of injury or alarm to others in the vicinity." The Policy also states that "[a]t high traffic times . . . extra precautions may be required by management for motorized carts entering or exiting the area." Residents wishing to use a scooter must sign a "motorized cart agreement" that requires them to comply with the Motorized Cart Policy.

¶3        Irene Tierney and Grace Stewart both lived in independent living casitas at the Montecito. One morning in May 2022, Stewart's back was hurting, so she borrowed her husband's scooter to go to the dining room to get lunch. Stewart had only used the scooter twice before, driving it around the parking lot for practice. Stewart did not notify the Montecito that she would be driving the scooter that day. And she never signed a motorized cart agreement.

¶4        The Montecito's lobby was crowded with residents waiting to board a bus to take them shopping. Stewart drove into the lobby just as the crowd began to move toward the door. Stewart panicked and tried to brake by pressing her foot down as if she were in a car, but the scooter did not have a brake pedal—Stewart had forgotten that braking was accomplished by releasing the throttle on the handlebars. Still traveling at full speed,

Stewart drove into the lobby and crashed into Tierney, who was standing at the front desk. Tierney fell, hit her head on the bottom of the desk, and later died from her injuries.

**¶5**		Tierney's daughter, Jeanne Metcalf, sued the Montecito and Stewart for negligence on behalf of her mother's estate. The Montecito moved for summary judgment, arguing no reasonable jury could find that it breached its duty to Tierney. The superior court granted summary judgment in favor of the Montecito.

**¶6**		Metcalf timely appealed and we have jurisdiction. A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶7**		Metcalf argues summary judgment was inappropriate because a reasonable jury could have found the Montecito breached its duty to Tierney. We review a grant of summary judgment *de novo*, viewing evidence in the light most favorable to the non-moving party. *Federico v. Maric*, 224 Ariz. 34, 36, ¶ 7 (App. 2010). "We will affirm a grant of summary judgment if the [superior] court was correct for any reason." *Id.*

**¶8**		A plaintiff claiming negligence must prove that: (1) the defendant owed the plaintiff a duty to conform to a certain standard of care; (2) the defendant breached that duty; (3) the defendant's breach caused the plaintiff's injury; and (4) actual damages. *Gipson v. Kasey*, 214 Ariz. 141, 143, ¶ 9 (2007).

### I.	Duty

**¶9**		The Montecito argues on appeal that it did not owe a duty to Tierney. The Montecito cites *Perez v. Circle K Convenience Stores, Inc.*, 257 Ariz. 244 (App. 2024), in which we held that the duty analysis in premises liability cases includes a factual inquiry to determine whether a dangerous condition is unreasonable given the relationship between the parties. *Id.* at 247–49, ¶¶ 12–16.

**¶10**		The Montecito did not dispute duty below. It conceded it owed Tierney a landowner-invitee duty and instead argued that it did not breach its duty to Tierney because (1) it did not cause or permit a dangerous condition on its property, and (2) it had insufficient time to remedy the condition once it arose. The superior court thus never reached the question of duty.

3

**¶11**         A party must timely present its legal theories to the superior court so that the court has an opportunity to address all issues on their merits. *Roebuck v. Mayo Clinic*, 256 Ariz. 161, 166, ¶ 16 (App. 2023). A party who fails to raise an argument before the superior court waives it on appeal. *Id.*

**¶12**         Because the Montecito did not dispute duty below, it has waived the duty argument on appeal. The only issue before us is whether the Montecito breached its landowner-invitee duty to Tierney. *See Libretti v. QuikTrip Corp.*, 1 CA-CV 23-0762, 2024 WL 4459044, at *2, ¶ 11 n.2 (Ariz. App. Oct. 10, 2024) (mem. decision) (supplemental citation to *Perez* was misplaced because defendants did not dispute duty below; the sole issue on appeal was breach). And given the following resolution of the breach question, we need not address duty even if the Montecito had not waived it. *See Orme Sch. v. Reeves*, 166 Ariz. 301, 310 (1990) (a party moving for summary judgment needs only to show that no evidence exists to support an essential element of the claim).

## II.     Breach

**¶13**         Breach is a factual matter typically determined by the jury, *Gipson*, 214 Ariz. at 143, ¶ 9, but summary judgment on breach is appropriate when the evidence is insufficient to create a genuine dispute of material fact whether the defendant's conduct fell below the standard of care, *Coburn v. City of Tucson*, 143 Ariz. 50, 53 (1984).

**¶14**         A landowner owes an invitee a duty of reasonable care to make the premises safe for the invitee's use. *McMurtry v. Weatherford Hotel, Inc.*, 231 Ariz. 244, 253, ¶ 23 (App. 2013). But "[t]he proprietor of a business premises is not an insurer of the safety of invitees and is not required at his peril to keep the premises absolutely safe." *Berne v. Greyhound Parks of Ariz., Inc.*, 104 Ariz. 38, 41 (1968). Instead, "[t]he standard of reasonable care generally includes an obligation to discover and correct or warn of unreasonably dangerous conditions that the [landowner] should reasonably foresee might endanger an invitee." *McMurtry*, 231 Ariz. at 253, ¶ 23. A plaintiff establishes the foreseeability necessary to prove breach of that standard of care by showing that the landowner caused or had actual or constructive knowledge of the dangerous condition. *Preuss v. Sambo's of Ariz., Inc.*, 130 Ariz. 288, 289 (1981).

**¶15**         Metcalf argues that the Montecito's Motorized Cart Policy demonstrates it had actual knowledge of a dangerous condition—namely, motorized scooters being driven in crowded lobbies. That knowledge, and

the Motorized Cart Policy itself, created a duty to prevent collisions. Metcalf asserts the Montecito breached that duty by failing to prohibit motorized scooters in crowded areas during high-traffic times like lunchtime.

¶16 But Metcalf conflates the dangerous condition with the circumstances that could produce it. A landowner is liable for injuries sustained on his premises only if he caused or had notice "of the defect itself which occasioned the injury, and not merely of conditions naturally productive of that defect and subsequently in fact producing it." *Preuss*, 130 Ariz. at 289. For example, if a rock falls out of a planter onto an adjacent sidewalk and someone slips on the rock, the landowner is liable only if he placed the rock on the sidewalk or otherwise had notice of the rock. *Id.* at 290. The landowner is not liable merely because the planter supplied the rock, or because he might foresee that someone could kick a rock out of the planter onto the sidewalk. *Id.* To hold the landowner liable, there must be "some evidence that others had fallen on, or complained about, [the] rock[]," *id.* at 290, or that the rock had been on the sidewalk for long enough that "in the exercise of ordinary care the [landowner] should have known of it and taken action to remedy it," *id.* at 289.

¶17 Here, Tierney was not injured by just any scooter in the Montecito's lobby; she was injured by Stewart's scooter. Thus, the dangerous condition that caused Tierney's injury was Stewart on her husband's scooter, not the Montecito's general tolerance of motorized scooters in its lobby. The latter is a circumstance that produced the former, but the former is the dangerous condition we consider.

¶18 The Montecito's liability thus depends on whether there is evidence that it knew Stewart drove her husband's scooter, or that Stewart had been doing so regularly enough that the Montecito should have known.

¶19 The record shows the Montecito did not have actual or constructive notice that Stewart drove her husband's scooter. Stewart never signed a motorized cart agreement. Stewart practiced driving the scooter in the parking lot twice, but the record contains no evidence that the Montecito was aware of those practice sessions. Stewart testified that she had otherwise never driven the scooter until the day of the incident, and she did not notify the Montecito that she would be using the scooter that day. The parties agree that Stewart crashed into Tierney within a few seconds after she drove her scooter through the lobby door.

¶20 Metcalf produced no evidence to create a genuine dispute of those material facts. Instead, Metcalf asserted at summary judgment that

the Montecito "had reason to know a resident, like Ms. Stewart, could be in the facility area on a motorized scooter" because Stewart's husband used the scooter every day leading up to the incident, and Montecito residents regularly used scooters. But neither of those facts establishes notice that Stewart—the dangerous condition that caused the injury—would be driving the scooter.

¶21 If the Montecito had notice that Stewart drove her husband's scooter, then it would be for a jury to decide the Montecito's standard of care and whether it breached its duty. Absent such notice, there is no dispute of material fact that the Montecito could not have foreseen or prevented the accident. *See Coburn*, 143 Ariz. at 53. The Montecito thus did not breach the standard of care. The superior court did not err by granting summary judgment in its favor.

## CONCLUSION

¶22 We affirm.



AMY M. WOOD • Clerk of the Court
FILED:
JR